PER CURIAM.
The petition for writ of prohibition is treated as a petition for writ of habeas corpus, and is dismissed as unauthorized. See Baker v. State, 878 So.2d 1236 (Fla.2004). As we have recognized previously, the petitioner has brought the claim raised herein before this court repeatedly, and it has been considered and rejected by this court at least four times over the past year alone.[1] Accordingly, we direct the clerk of the court to forward a copy of this opinion to the appropriate institution with the Department of Corrections for consideration of disciplinary measures against the petitioner pursuant to section 944.279(1), Florida Statutes.
The petitioner is warned that any future frivolous filings in this court may result in the imposition of additional sanctions, including but not limited to a prohibition on any further pro se filings relating to the sentence imposed in Duval County Circuit Court case number 16-2000-CF-9964-AXXX.
THOMAS, MARSTILLER, and MAKAR, JJ., concur.

. In case numbers 1D13-0762, 1D13-1416, and 1D13-5285, this court affirmed the trial court's denials of the petitioner’s postconviction motions which raised the issue he asserts herein. In case number ID 13-4813, this court dismissed a habeas corpus petition raising the same issue and referred the petition to the Department of Corrections for potential sanctions against the petitioner pursuant to section 944.279(1), Florida Statutes.